# LOUANNE CLARK VAN PELT Estate
## David Merrill Trustee
**3355 North Academy Boulevard**
**Colorado Springs, Colorado.**
**[80917-5103]**

FILED IN THE DISTRICT AND
COUNTY COURTS OF
EL PASO COUNTY, COLORADO

SEP 29 2015

DR. LYNETTE CORNELIUS
CLERK OF COURT

United States District Court
for the District of Colorado
901 19th Street – A105
Denver, Colorado. 80294

F I L E D Registered Mail # RE 150 037 540 US
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**OCT 0 1 2015**

JEFFREY P. COLWELL
CLERK



Dear USDC Clerk;

Please file this refusal for cause (copy) in Miscellaneous Case File 15-MC-145.
Please return the enclosed copy in the self-addressed envelope provided. This is evidence if
this presenter claims I have obligations to perform or makes false claims against me in the
future. A copy of this instruction has been sent with the original refusal for cause back to the
presenter in a timely fashion.

Memo to Catherine Anne SEAL:

Thank you for your offers. I must reject both offers because as I have already
explained I drove to Denver and found that Frances Renee JOHNSON has no oath of office
published at the Secretary of State's office there. If she were not in a vacant office and
exposed to lawsuit for having no judicial or sovereign immunity, I might examine your
offers more closely. Without her being properly bonded by law to constitutions and statute I
cannot put any trust in her and like I have expressed, will charge her $1,000.000.00 acting
fees should she wish for me to act like she is a real district court magistrate. I will charge an
additional $1,000,000.00 per order after that too. She can compare my acting fees to Brad's,
Jack's and Tom's if she likes.

I take exception to your implications that as Trustee for the LOUANNE CLARK
VAN PELT living Trust I will not be equitable with Todd's children as heirs. I presume that
Martha Jeanne (Marnie) VAN PELT will be equitable in her dealings too. It seems that you
are taking advantage of the fact that this Trust is private and you have not been properly
appointed anything since Ms JOHNSON is acting in her capacity as a private person. I have
freely disbursed everything of Todd's to his son Jesse who told me he represents interests of
Justin for now. Jesse seems like a responsible adult. Thank you for providing Justin's address
so that I can keep him apprised. It is my hope that all beneficiaries of this Trust will read the
entire presentments carefully and consider whether I am a better trustee than what you
propose for Louanne VAN PELT's will, that the State Attorney Retirement Fund (as I call
probate court) process and make claims. It will hopefully become obvious that Ms.
JOHNSON has intentionally left her office vacant so that she might act outside of the
constitutions and statutes, fleecing whatever you two want from this estate. If she had a bond
then I might have recourse if she were to deviate from the law.

As you are aware I have paid Marnie $642 for the Trooper. I tendered her a cashier's
check and am not obligated to make her accept this disbursement. If she waives
disbursements that in no way effects the Trust or my duties as Trustee. Todd and I negotiated
his share in the Trooper and since you have never been appointed anything by Ms.

JOHNSON I must view your claim to the SUV as false. Holding anything you believe we discussed about it as binding is in error since as indicated, you gained access to the house under fraud by defrauding the local Sheriff. All bonds acquired under fraud are to the Trust, quite null and void. I feel the same way personally.

Dear State district court clerk;

Please file this refusal for cause into Case No. 2015-PR-30574. Return the original Refusal for Cause to Frances Renae JOHNSON with the copy of this clerk instruction while filing the original clerk instruction (red thumbprint) with a copy of the Refusal for Cause please.

### Certificate of Mailing

My signature below expresses that I have mailed a copy of the presentment, refused for cause with the original clerk instruction to the district court Registered Mail and the original presentment, refused for cause in red ink and a copy of this clerk instruction has been mailed Registered Mail as indicated back to the presenter within a few days of presentment. Page 3 has additional mailings promptly sent out USPS.

For the LOUANNE CLARK VAN PELT Trust

| STATE OF COLORADO | } | |
| | } ss: | |
| COUNTY OF EL PASO | } | |

Subscribed and sworn to before me this _29th_ day of _September_, 2015

by David Merrill who is known to me.

THERESA L WILLIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054043098
MY COMMISSION EXPIRES NOVEMBER 10, 2017

_Theresa L Willis_
Notary Public

My commission expires ___11-10-2017___.

Redeemed Lawful Money
Pursuant to 12 USC §411
www.law.cornell.edu/uscode/

David Merrill acting solely as trustee

Catherine Anne SEALS
Office of the Public Administrator
PO Box 6
Colorado Springs, Colorado. [80901-0006]

Registered Mail #RE 150 037 553 US

Frances Renae JOHNSON
270 South Tejon
Colorado Springs, Colorado. [80903]

Delivered/filed by hand and courtmarked
by the clerk of court.

Martha Jeanne VAN PELT
1510 Kingsley Drive
Colorado Springs, Colorado. [80909]

First Class

Jesse Starr DUNCAN
1425 Iowa Ave.
Colorado Springs, Colorado. [80909]

First Class

Justin VAN PELT
Doc#105823 (marked LEGAL)
Fremont Correctional Facility
P.O. Box 999
Canon City, Colorado. [81512]

First Class



| | |
|---|---|
| District Court, El Paso County, Colorado<br>270 S. Tejon Street<br>Colorado Springs, CO  80903<br>(719) 452-5396 | |
| **In the Matter of the Estate of:**<br><br>**LOUANNE C. VAN PELT, aka LOUANNE VAN PELT**<br><br>**Deceased** | ▲   COURT USE ONLY   ▲ |
| Office of the Public Administrator for<br>El Paso and Teller Counties<br>Catherine Anne Seal<br>90 S. Cascade Ave., Suite 480<br>P.O. Box 6<br>Colorado Springs, CO 80903<br>Phone: (719) 447-9760     Fax: (719) 634-0485<br>Email: cas@kirtlandseal.com<br>Atty Reg. No: 26908 | Case Number: 15 PR 30574<br><br><br>Division   W     Courtroom W150 |

## MOTION FOR ORDER AUTHORIZING PERSONAL REPRESENTATIVE TO FILE EVICTION

Catherine Anne Seal, Personal Representative, files this Motion for Order Authorizing Personal Representative to File Eviction, and in support thereof states as follows:

1. The Personal Representative was formally appointed by this Court on July 8, 2015 as personal representative of this estate.

2. One of the beneficiaries of this estate, Todd Van Pelt, has since passed away and is survived by two sons. An Amended Information of Appointment has been filed with the Court.

3. Todd Van Pelt and David Merrill both resided in the decedent's residence.  While Todd Van Pelt was still alive, the Personal Representative sent Todd Van Pelt and David Merrill a letter, a copy of which is attached as Exhibit A.  In this letter, the Personal Representative suggested that they purchase the interest of Martha Van Pelt in the residence.

4. Todd Van Pelt is now deceased, and the Personal Representative plans to sell the residence and distribute the proceeds.  Because David Merrill is only a one-third beneficiary of this estate, he is not entitled to remain in the residence.  David Merrill sent Martha Van Pelt a letter in which he suggests that they each now own a one-half interest in the residence and offers to purchase her one half interest over time, a copy of which letter is attached hereto as Exhibit B.  This solution is not acceptable for two reasons. First, Martha Van Pelt does not wish to take payments on the property but wishes to receive her inheritance now in full.  Secondly, the two surviving children of Louanne Van Pelt do not inherit Todd Van Pelt's interest in the residence or the estate as Todd was survived by at least two children.

5. The Personal Representative viewed the property as scheduled in Exhibit A.  She was accompanied by an El Paso County Sheriff's deputy, and the presence of law enforcement allowed her to gain access to the residence.

6. After viewing the property, the Personal Representative sent David Merrill a letter offering to sell him the decedent's vehicle for 2/3 of the minimum value she expects to receive at sale.  A copy of this letter is attached hereto as Exhibit C.

7. In response to this letter, the Personal Representative received a response which claimed that he had actually purchased one third of the value of the vehicle from Todd Van Pelt on or about July 12, 2015. See, Letter with file stamp of 9/15/14, attached hereto as Exhibit D.  The Personal Representative rejects the claim that David Merrill had purchased an asset of the estate directly from another beneficiary, as neither David Merrill nor Todd Van Pelt had any authority to sell assets of the estate.

## Office of the
## Public Administrator for El Paso and Teller Counties

Catherine Anne Seal, J.D., LL.M.
Attorney at Law
P.O. Box 6 ● Colorado Springs , Colorado 80901-0006
Phone:  (719) 447-9760 ● Fax: (719) 634-0485

August 10, 2015

David Merrill
115 East Vermijo Ave.
Colorado Springs, CO 80903

Todd Winter Van Pelt
4314 Rocklawn Circle
Colorado Springs, CO 80915

    Re: Estate of Louanne Van Pelt

Dear Mr. Merrill and Mr. Van Pelt:

    As you know, I was appointed by the Court as the Personal Representative of the Estate of Louanne Van Pelt. I am required to prepare an estate inventory, listing the property of the estate. It is my understanding that the two of you are in the possession of art work belonging to the estate.   I need to view the art work and have it appraised. I also need to view the residence. I would like to view the residence on Friday, August 21st at 10:00 am. I also understand that there is a storage facility containing personal property. Please provide me with a key to the facility, so that I may view the contents.

    My plan is to sell the residence and divide the proceeds among the three beneficiaries. If you wish to make an offer to purchase your sister's share of residence, I would be willing to entertain such an offer. Please understand that the costs of all litigation in this estate will be borne by the estate, so if you cannot work with me and continually oppose me, all of the costs and fees will be deducted from the proceeds of sale of the real estate before any money is distributed to heirs. It is in your best interests to make an offer to purchase your sister's share of the residence rather than to oppose my administration of this estate.

Sincerely,


Catherine Anne Seal


EXHIBIT
A

Mom and I to make a use of the house for the care of Todd during his final years. Now with his recent passing, I am flexible and would like you to consider the following offer as an olive branch of goodwill. I hope that you find this proposal an exciting solution to satisfy both of our needs.

It appears that Catherine SEAL, your State (METRO) Attorney has suggested that you might entertain an offer about me selling the house. I am not sure that you are aware that I have not consented to the Probate Court mostly due to the fact that it is unnecessary but also because the Probate Court lacks a properly bonded judge according to constitutions and statute. While I am confident upon my Word and my Promises to mom prevailing before a proper judiciary, if need be, I am also confident that we can amicably come to a solution without the Probate Court such that you and I can both win as per our mother's desire and will.

To bring you into remembrance, and given Todd's poor health, you, Todd and I had agreed to enter into an agreement whereof your beneficial interest in the house would be reflected in a disbursement paid monthly. With each of us holding 1/3 interest in mom's estate we agreed that Todd and I would pay you each month 1/3 of the fair rental value. Realistically our agreement contemplated that Todd and I would continue to live in mom's house; and, that I would be Todd's caregiver in just the same way that I was for Mom. As we, especially mom, were watching Todd die of COPD this agreement was profoundly soothing to Todd. It gave him peace of mind and assurance that he would not have to move especially at a time when he was sick. Todd would have been able to remain in a familiar secure environment surrounded by those who love him and furthermore, he would have been able to utilize the health care equipment left behind by Dad, and then Mom. As you know, both Dad and Mom died of COPD related symptoms. Todd and I agreed that I would be his primary caregiver should he suffer failing health and need caregiver services.

Unfortunately Todd has died and if anyone can find light in such a sad time, I gain peace of mind in the knowledge that Todd did not have to suffer a prolonged slow decay. With Todd's death the beneficial interest in the Trust, which was held 33.33% in each beneficiary, are now 50% each to each beneficiary. It was the desire and will of Mom that we would love each other and that wishing to honor her memory and legacy I am glad that the house was not sold while Todd was alive.  But, you are alive and you are my sister and it is my goal of this letter to make an offer to you such that we can agree in peace and a mutual settlement can be effected.

My offer is exactly what you have already agreed to. I will pay you 1/3 an equitable "rent" for between the times of Mom's death and Todd's death of $500/month. I will also pay you 1/3 Blue Book value for the Trooper, as I did with Todd. From Todd's death onward that will be $750/month, or 1/2 of the equitable rent value over time. The first payment will be minus any costs for benefits that you have enjoyed. We will transfer the house into my name as Mom and Dad's son and live-in caregiver pursuant to Colorado law and on down the line when and if I choose to sell the home you will get 1/2 of the proceeds. There is an abundant distribution of knickknacks still in the living area the home awaiting you to make claim, as well as a full storage unit rented in your name. Todd told me that you refused the storage unit key when we offered it.

**Office of the**
**Public Administrator for El Paso and Teller Counties**
Catherine Anne Seal, J.D., LL.M.
Attorney at Law
P.O. Box 6 ● Colorado Springs , Colorado 80901-0006
Phone:  (719) 447-9760 ● Fax: (719) 634-0485

September 1, 2015

David Merrill
115 East Vermijo Ave.
Colorado Springs, CO 80903

    Re: Estate of Louanne Van Pelt

Dear Mr. Merrill:

    We spoke last month about you purchasing the vehicle owned by your mother.  I have attached the NADA Blue Book Guide for the 1998 Isuzu Trooper.  Although the retail value of the vehicle is over $3,600, I am willing to accept $1800 as the car's value. I would require a payment of $1200 from you to purchase the vehicle from the estate.

Please let me know by September 15, 2015 whether you wish to purchase the vehicle.

Sincerely,


Catherine Anne Seal



EXHIBIT
C

Additionally I have attached the first page of a previously filed Criminal Complaint that shows it was filed in the federal courthouse in Denver on or around September 1, 2015 and I have also verified that the document in full has been published on PACER as Document 3.

Catherine Anne SEAL                         Registered Mail # RE 150 037 479 US
PO Box 6
Colorado Springs, Colorado [80901-0006]

Martha Jeanne VAN PELT                      Priority Mail
1510 Kingsley Drive
Colorado Springs, Colorado. [80909]

For the LOUANNE CLARK VAN PELT Trust



Redeemed Lawful Money
Pursuant to 12 USC §411
www.lawfulmoney.edu/uscode/

_____
David Merrill acting solely

STATE OF COLORADO        }
                         }  ss:
COUNTY OF EL PASO        }

Subscribed and sworn to before me this 24th day of ~~August,~~ September 2015
by David Merrill who is known to me.  15th TLW                    TLW

*Theresa L Willis*
Notary Public    1-10-2017
My commission expires _____

THERESA L WILLIS
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054043098
MY COMMISSION EXPIRES NOVEMBER 10, 2017

Martha Jeanne VAN PELT (Marnie) as evidenced in the state district case and federal evidence repository both, drives SEAL to steal the estate and sell it so that Marnie can move Northwest. Additionally this R4C filed August 18, 2015 attached has not shown up on PACER. I believe that SEAL has contacted the US clerk of court and somehow convinced said federal clerk to FILE the R4C but not to publish it on PACER. The US clerk of court is a witness to the process and has been paid $46 lawful money pursuant to Title 12 USC §411 by me to maintain and publish the evidence repository so if investigation and discovery disclose that SEAL has influenced the US clerk of court not to publish the R4C (should have been Document 3 on the attached docket report) then this constitutes additionally felony tampering with a witness or victim as accused on the attached Criminal Complaint.

Should a federal judge decide that this Criminal Complaint attached is inappropriate being generated and signed by myself as Trustee, I am requesting and otherwise ORDERING the US Clerk of Court to generate the same Criminal Complaint and forwarding it to the State Attorney General for finishing and returning to the USDC for a federal judge to cosign.

### Certificate of Mailing

My signature below expresses that I have hand delivered to Courier Process Servers a copy of the presentment, refused for cause with the original clerk instruction for the district court and the original presentment, refused for cause in red ink and a copy of this clerk instruction for Sarah L. ORTIZ, and the Original clerk instruction with a copy of the Refusal for Cause has been hand delivered with payment or offer of full payment and intended for the Fourth Judicial District clerk of court. This process of refusal for cause and PACER documentation is all within a few days of presentment of the fraudulent "court order".

For the LOUANNE CLARK VAN PELT Trust

Redeemed Lawful Money
Pursuant to 12 USC §411
www.law.cornell.edu/uscode/

AUG 2 4 2015

David Merrill a_____ as trustee.

STATE OF COLORADO                    }
                                     } ss:
COUNTY OF EL PASO                    }

Subscribed and sworn to before me this 24th day of August, 2015 by David Merrill who is known to me.

NOTARY PUBLIC
TAD C. HOWARD
My commission expires

COURIER PROCESS SERVICE, INC
115 East Vermijo, Suite 202
Colorado Springs, CO 80903-2008

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Catherine Anne SEALS | ) | Case No. |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____August 21, 2015_____ in the county of _____El Paso (Colorado)_____ in the

_____ District of _____Colorado_____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 USC §1018 | Official Certificates or Writings - Fraud |
| Title 18 USC §1018 | Acts Effecting a Personal Financial Interest |

This criminal complaint is based on these facts:

Catherine Anne SEALS entered my home with a show of law enforcement after convincing this deputy sheriff that she had a "court order" and being warned that any entry be accompanied by a court order from a bonded judicial officer. SEALS knew that Francis Renae JOHNSON is not a bonded judicial officer but presented the "LETTERS TESTAMENTARY" like a court order (attached).

☑ Continued on the attached sheet.

Redeemed Lawful Money
Pursuant to 12 USC §411
www.law.cornell.edu/uscode        AUG 2 4 2015

_____
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____        _____
*Judge's signature*

City and state: _____        _____
*Printed name and title*

**FILED**

UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2015

JEFFREY P. COLWELL
CLERK

David Merrill
115 E. Vermijo Ave #202
Colorado Springs, Colorado
[80903]

United States District Court                    Registered Mail #RA 150 037 434 US
for the District of Colorado
901 19th Street - A105
Denver, Colorado.

RE 150 037 448 US

Dear Clerk;

Please file this refusal for cause in the case jacket of Article III call 15-MC-145,
mark the extra copies and return them to me.  This is evidence if State Attorney Catherine
SEAL claims I have Dear Clerk;

Please file this refusal for cause in the case jacket of Article III call 15-MC-145,
mark the extra copies and return them to me.  This issue is evidence if State Attorney
Catherine SEAL, hereinafter "SEAL", claims I have obligations to perform or makes false
claims against me in the future. A copy of this instruction has been sent with the original
refusal for cause back to the presenter in a timely fashion.

It would seem that a partial response to the initial presumption might benefit Ms. SEAL, as
SEAL appears to notify me that she has been appointed by "the Court" while I published that
no court exists (El Paso County Clerk and Recorder AFFIDAVIT OF TRUTH Reception
#215068907 7/1/2015) because Ms Francis Renae JOHNSON is impersonating a district
court magistrate judge and is not really a judicial officer at all. It goes to follow then that Ms
SEAL has not been appointed at all, except by someone posing as a judicial officer and
therefore I am absent my consent to comply with such a preposterous order.  I do not consent
to justice being understood by an insurance policy.  Let the so called "Court" abide under
Constitution and Statute as it is intended.  Those who have faulty oaths do not constitute "the
Court".  And, as such, whatever Ms. SEAL is referring to is foreign in regard to the State of
Colorado and, in my opinion, is just another Corporation pretending to have authority.  This
explains why she is behaving like she is too; as any real judicial officer is obligated and
bonded to law and constitution so as to protect the obligations of contract. All the intimation
that I am somehow in conflict is false and is simply me honoring promises I made to my
mother Louanne who founded the LOUANNE CLARK VAN PELT living trust and
appointed me Trustee. I have attached additional evidence that Louanne VAN PELT
intended a living trust, rather than probate for her estate.

Additionally after the 7/1/15 hearing when Ms SEAL requested verbally to inspect the estate
and I told her that I do not want that, she said, "Fine! I can just get a court order!" I wish to
point out that instead of a court order, SEAL is trying to coerce consent by intimidation in
the refused presentment.  This childish bully tactic is unacceptable.  Since there is no court,
understood by law, and bonded by oath conforming to Constitution and Statute, it would be
very surprising if Ms SEAL can get a court order.  Instead of a court we have criminal

**Office of the**
**Public Administrator for El Paso and Teller Counties**
Catherine Anne Seal, J.D., LL.M.
Attorney at Law
P.O. Box 6 ● Colorado Springs , Colorado 80901-0006
Phone:  (719) 447-9760 ● Fax: (719) 634-0485

August 10, 2015

David Merrill
115 East Vermijo Ave.
Colorado Springs, CO 80903

Todd Winter Van Pelt
4314 Rocklawn Circle
Colorado Springs, CO 80915

    Re: Estate of Louanne Van Pelt

Dear Mr. Merrill and Mr. Van Pelt:

    As you know, I was appointed by the Court as the Personal Representative of the
Estate of Louanne Van Pelt.  I am required to prepare an estate inventory, listing the
property of the estate.  It is my understanding that the two of you are in the possession
of art work belonging to the estate.  I need to view the art work and have it appraised.  I
also need to view the residence.  I would like to view the residence on Friday, August
21st at 10:00 am.  I also understand that there is a storage facility containing personal
property.  Please provide me with a key to the facility, so that I may view the contents.

    My plan is to sell the residence and divide the proceeds among the three
beneficiaries.  If you wish to make an offer to purchase your sister's share of the
residence, I would be willing to entertain such an offer.  Please understand that the
costs of all litigation in this estate will be borne by the estate, so if you cannot work with
me and continually oppose me, all of the costs and fees will be deducted from the
proceeds of sale of the real estate before any money is distributed to heirs.  It is in your
best interests to make an offer to purchase your sister's share of the residence rather
than to oppose my administration of this estate.

Sincerely,

Catherine Anne Seal

# How To Set Up Your Own Living Trust To Avoid Probate



**DSA FINANCIAL PUBLISHING CORPORATION**

District Court, El Paso County, Colorado
270 South Tejon Street
Colorado Springs, CO  80903
(719) 452-5396

**In the Matter of the Estate of:**

**LOUANNE C. VAN PELT, aka LOUANNE VAN PELT**

**Deceased**

▲   **COURT USE ONLY**   ▲

Case Number: 15 PR 30574

Division   W      Courtroom W150

## ORDER AUTHORIZING PERSONAL REPRESENTATIVE TO FILE EVICTION

This matter comes before the court on the Personal Representative's Motion for Order Authorizing Personal Representative to File Eviction, and the Court being fully advised in the premises,

**FINDS** that the relief sought is appropriate, and

**ORDERS** the Personal Representative is authorized to file an eviction action to evict David Merrill from the decedent's residence at 4314 Rocklawn Circle, Colorado Springs CO 80915.

This order or judgment was issued with consent, and any appeal must be taken pursuant to Rule 7(b).

Done and Ordered this_____day of_____, 2015.

_____
                                                    Magistrate

| | |
|---|---|
| District Court, El Paso County, Colorado<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>(719) 452-5396<br><br>**In the Matter of the Estate of:**<br><br>**LOUANNE C. VAN PELT, aka LOUANNE VAN PELT**<br><br>**Deceased** | ▲  **COURT USE ONLY**  ▲ |
| Office of the Public Administrator for<br>El Paso and Teller Counties<br>Catherine Anne Seal<br>90 S. Cascade Ave., Suite 480<br>P.O. Box 6<br>Colorado Springs, CO 80903<br>Phone: (719) 447-9760          Fax: (719) 634-0485<br>Email: cas@kirtlandseal.com<br>Atty Reg. No: 26908 | Case Number: 15 PR 30574<br><br><br>Division  W          Courtroom W150 |

## AMENDED INFORMATION OF APPOINTMENT

### Important Notice

The Court will not routinely review or adjudicate matters unless it is specifically requested to do so by a beneficiary, creditor, or other interested person. All interested persons, including beneficiaries and creditors, have the responsibility to protect their own rights and interests in the estate in the manner provided by the provisions of the Colorado Probate Code, §15-10-101, et seq., C.R.S., by filing an appropriate pleading with the Court by which the estate is being administered and serving it on all interested persons pursuant to §15-10-401, C.R.S. All interested persons have the right to obtain information about the estate by filing a Demand for Notice pursuant to §15-12-204, C.R.S.

**To the heirs and devisees who have or may have an interest in this estate:**

1. The Decedent died on April 6, 2015.

2. The Decedent left a Will dated May 7, 2010. There are no codicils. The Will was admitted to probate on July 1, 2015.

3. Proceedings in this matter are formal.

4. Catherine Anne Seal was appointed as Personal Representative on July 1, 2015.

5. Bond in the amount of $25,000.00 is on file with this Court.

6. Administration of this estate is unsupervised. The Court will consider ordering supervised administration if requested by an interested person. (§§15-12-501, et. seq., C.R.S.)

7. This Information of Appointment is being sent to persons who have or may have some interest in the estate being administered.

8. Papers relating to this estate, including an inventory of estate assets, are either on file with this Court or, if not, papers may be obtained by interested persons from the Personal Representative. (§15-12-705, C.R.S. and §15-12-706(2), C.R.S.)

9. Interested persons are entitled to receive an accounting. (§§15-12-1001 to 15-12-1003, C.R.S.)

10. The surviving spouse, partner in a civil union, children under twenty-one years of age and dependent children may be entitled to exempt property and a family allowance if a request for payment is made in the manner and within the time limits prescribed by statutes. (§§15-11-401, et. seq., C.R.S.)

11. The surviving spouse or partner in a civil union may have a right of election to take a portion of the augmented estate if a petition is filed within the time limits prescribed by statute. (§§15-11-201, et seq., C.R.S.)

12. Any individual who has knowledge that there is or may be an intention to use an individual's genetic material to create a child and that the birth of the child could affect the distribution of the Decedent's estate should give written notice of such knowledge to the Personal Representative of the Decedent's estate.

13. Any individual who has knowledge that there is a valid, unrevoked designated beneficiary agreement in which the Decedent granted the right of intestate succession should give written notice of such knowledge to the Personal Representative of the Decedent's Estate.

/s/Catherine Anne Seal
Catherine Anne Seal, Personal Representative
P.O. Box 6
Colorado Springs, CO 80901-0006
(719) 447-9760

INSTRUCTIONS: This Information of Appointment must be given within 30 days of appointment of the Personal Representative. In the event a Will exists but there has been no formal testacy proceeding and the Personal Representative was appointed on the assumption of intestacy, this Information of Appointment must also be given to the devisees named in any existing Wills. A copy of this Information of Appointment and Certificate of Service (below) must be promptly filed with the Court. (Rule 8.4 of the Colorado Rules of Probate Procedure)

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of September, 2015, a copy of this Amended Information of Appointment was served on each of the following via First Class US mail, postage pre-paid or e-served as indicated:

Martha Jeanne Van Pelt
1510 Kingsley Drive
Colorado Springs, CO 80909

David Merrill
115 E. Vermijo Ave.
Colorado Springs, CO 80903

Jesse Starr Duncan
1425 Iowa Ave.
Colorado Springs, CO 80909

Justin Van Pelt
DOC#105823
Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81512

/s/Kristine K. Claypool
Kristine K. Claypool, Paralegal